IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-00986-CMA-NRN

VICTOR HERNANDEZ,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment (Doc. # 49). The Motion is denied for the following reasons.

## I.    BACKGROUND

This is an insurance bad-faith case. Plaintiff, Victor Hernandez, owned a restaurant called Carniceria Los Tapatios ("Tapatios"). (Doc. # 7, ¶ 1). The business was insured by State Farm. (Doc. # 7, ¶ 6). In 2019, Tapatios was destroyed in a fire, and Hernandez submitted a claim to State Farm. (Doc. # 7, ¶¶ 1, 11). State Farm paid Hernandez $287,107.70 in insurance benefits.[1] (Doc. # 7, ¶ 18).

---

[1] Because Hernandez did not own the building in which Tapatios was located, he was not compensated for the loss of the building. However, the building's owner, Anes Saleh, received approximately $380,000 in insurance benefits for the loss of the building. (Doc. # 7, ¶ 14).

Hernandez now claims that State Farm failed to pay him the full amount due under his insurance policy. He is suing State Farm, alleging (1) breach of contract, (2) statutory bad faith, (3) breach of the implied covenant of good faith and fair dealing, and (4) negligent infliction of emotional distress. (Doc. # 7).

State Farm counters that, not only has it paid Hernandez the full amount owed under the Policy, it has overpaid by at least $71,000. (Doc. # 54, p. 1). According to State Farm, Hernandez misrepresented Tapatio's business income by submitting false or inaccurate tax returns with his claim paperwork, causing State Farm to pay him far more in insurance benefits than Hernandez was owed. (Doc. # 54, pp. 8-9).

State Farm is now seeking summary judgment on claims 1-3. It argues that, by submitting inaccurate claim paperwork, Hernandez violated the cooperation clause of his State Farm policy. (Doc. # 49). As a result, State Farm argues, it has no obligation to pay any benefits under the policy, so Hernandez's claims must fail as a matter of law.

## II.    LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it is essential to the proper disposition of the claim under the relevant substantive law. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). A dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the

non-moving party. *See id.* However, conclusory statements based merely on conjecture, speculation, or subjective belief do not constitute competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact and entitlement to judgment as a matter of law. *Id.* In attempting to meet this standard, a movant who does not bear the ultimate burden of persuasion at trial does not need to disprove the other party's claim; rather, the movant need simply point out to the Court a lack of evidence for the other party on an essential element of that party's claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Id.* Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. Stated differently, the party must provide "significantly probative evidence" that would support a verdict in his favor. *Jaramillo v. Adams Cty. Sch. Dist. 14*, 680 F.3d 1267, 1269 (10th Cir. 2012). "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id.*

### III. ANALYSIS

Upon consideration of the Motion (Doc. # 49), the Response (Doc. # 53), the Reply (Doc. # 54), the exhibits thereto (Docs. ## 49-1 and 53-1), and the applicable law, the Court finds that there are genuine disputes of material fact that preclude summary judgment, including, but not limited to:

- Whether Hernandez's failure to provide accurate tax information constituted a failure to cooperate;
- Whether Hernandez made a good faith mistake when he provided State Farm with inaccurate tax information;
- What benefits, if any, were owed to Hernandez under his State Farm policy; and
- Whether State Farm timely paid all benefits due under the policy.

In view of these factual questions, the Court finds that summary judgment is not appropriate.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. # 49) is DENIED.

DATED: September 2, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge